UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                          18-CR-0173-FPG

CODY GRASBY,                                                                    DECISION AND ORDER

                               Defendant.
_____

## INTRODUCTION

On July 24, 2023, Defendant Cody Grasby filed a motion for early termination of supervised release. ECF No. 55. On July 25, 2023, the Court directed the Government and the Probation Office to respond to Defendant's motion. ECF No. 56. The Government opposes the motion. ECF No. 59. Probation supports the motion. For the reasons set forth below, Defendant's motion for early termination of supervised release is GRANTED.

## DISCUSSION

Under 18 U.S.C. § 3583, a district court may modify an individual's conditions of supervised release, § 3583(e)(2), or terminate an individual's supervised release obligations "at any time after the expiration of one year … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Further, 18 U.S.C. § 3624(e) provides:

> "A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

Congress intended supervised release to assist individuals in their transition to community life and fulfill rehabilitative ends, distinct from those served by incarceration. *See* § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov. 1998); *see also* S.Rep.

1

No. 98–225, p. 124 (1983) (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

Sentencing courts, in determining the conditions of a defendant's supervised release, are required to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a).

On August 27, 2020, Defendant was sentenced to 12-months and one day of imprisonment to be followed by three years of supervised release. *See* ECF No. 43.  Here, Defendant requests early termination of supervised release because he, *inter alia*, has had "zero violations while on supervised release," and "just want[s] to get this last weight off [his] shoulders and have that accomplishment of finally getting through this bump in [his] life."  ECF No. 55.

As discussed, a district court "may discharge a defendant and terminate a term of supervised release 'at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"  18 U.S.C. § 3583(e)(1); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *2 (W.D.N.Y. June 10, 2013).  In making such a determination, courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment."  18 U.S.C. § 3553(a).  Retributive punishment is not relevant to a termination or modification of supervision and is not to be considered in this context.  *See* 18 U.S.C. § 3583(e)(1).

Ultimately, "The decision whether to grant early termination rests within the discretion of the district court." *United States v. Trotter*, 321 F. Supp. 3d 337, 359 (E.D.N.Y. 2018); *United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997) ("We have explained that the determination of early release is a discretionary decision made by the district court.").

The Court has considered the factors set forth in § 3553(a) and concludes that the "history and characteristics of the defendant" warrant early termination of supervised release. First, prior to sentencing, Defendant demonstrated his potential for rehabilitation by becoming sober as of November 2019 and has successfully remained sober since that date. Further, since his release from incarceration, Defendant has successfully completed all mental health and substance abuse treatment while also maintaining gainful employment in an industry with good prospects. Finally, Defendant has served two years of his three-year term of supervised release and has had no violations during that time and has the support of the United States Probation Office to terminate his supervised release early. In short, Defendant has demonstrated that he is rehabilitated.

The primary purpose of supervised release is "to provide rehabilitation to a defendant who has spent a fairly short period in prison." S.Rep. No. 98–225, p. 124 (1983). Accordingly, the Court grants Defendant's request to terminate the term of his supervised release early. Petitioner's motion for early termination of supervised release, ECF No. 55, is GRANTED.

IT IS SO ORDERED.

Dated: September 25, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York